## IN THE MATTER OF THE ESTATE OF HER MAJESTY, LILIUOKALANI, DECEASED.

### No. 1178.

ERROR TO CIRCUIT JUDGE, FIRST CIRCUIT.
HON. C. W. ASHFORD, JUDGE.

ARGUED SEPTEMBER 10, 1919.            DECIDED SEPTEMBER 22, 1919.

KEMP AND EDINGS, JJ., AND CIRCUIT JUDGE DeBOLT
IN PLACE OF COKE, C. J., ABSENT.

EVIDENCE—*pedigree—declarations.*

> Before a declaration can be received in evidence the relationship of the declarant with the family must be established by proof independent of the declaration itself.

OPINION OF THE COURT BY EDINGS, J.

The writ of error in this matter is sued out by Theresa Owana Wilcox Belliveau seeking a reversal of the decision and order of the probate judge holding that in her attempted contest of the will of the late Queen Liliuokalani filed for probate by one of the executors therein named she failed to establish her alleged inheriting relationship to the late Queen and hence failed to show herself entitled to contest the will.

The case sought to be established by Mrs. Belliveau is in substance that at the time of the death of the late Queen Liliuokalani (which occurred November 11, 1917) she was related to the Queen in a nearer degree than any other living person, in that while she admits the genealogical connection of Prince Jonah Kuhio Kalanianaole with the late Queen, and that he was a great grandson of the late Queen's grandmother, Kamokuiki, she (Mrs. Belliveau) claims to be a great granddaughter of the late Queen's mother, Keohokalole. In order to establish her claim and to enable her to contest the will it was necessary for Mrs. Belliveau to prove (1) that she was the daughter of Kamaikaopa (w); (2) that Kamaikaopa was the daughter of Kauahaka (w); (3) that Kauahaka was the daughter of Keohokalole, who was the mother of the late Queen Liliuokalani.

It is conceded that Keohokalole was the late Queen's mother and also that Mrs. Belliveau's mother was Kamaikaopa. A summary of the testimony introduced by the plaintiff-plaintiff in error shows that she was the daughter of Kamaikaopa (w) and Gideon K. Laanui, and that her maternal grandparents were Kauahaka (w) and Kaukahele. To prove that Kauahaka (w) was the daughter of Keohokalole she (Mrs. Belliveau) relies upon the testimony of one Kioula, an aged Hawaiian, and the declarations made to her (Mrs. Belliveau) by one Wainee—alleged sister of her mother. This witness (Kioula) testified that the mother of Kauahaka was Keohokalole, who was the mother of the late Queen; that he was a poi vendor and saw the various parties mentioned, but had never spoken to any of the parties; that his information was derived from people "who are all dead," the name of the only one of whom he can recall was "Piiwi," a woman living at the time. The testimony of this witness (Kioula) was clearly inadmissible. None of the parties whose dec-

laration he attempts to give was in any degree related to the family in question, either by blood or marriage. "Before a declaration can be received in evidence the relationship of the declarant with the family must be established by some proof independent of the declaration itself." *Makekau* v. *Kane,* 20 Haw. 203; *Fulkerson* v. *Holmes,* 117 U. S. 389.

In rejecting this testimony and the alleged declarations based upon it the trial judge arrived at the only conclusion which could legally be deduced from the entire testimony and his decision and order should be sustained.

The writ is dismissed.

*E. J. Botts* for plaintiff in error.

*L. J. Warren* (*Smith, Warren & Whitney* on the brief) for defendant in error.

